UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23962-BLOOM/Elfenbein

RIONNE JACKSON,

    Plaintiff,

v.

RKW RESIDENTIAL, and
RIVERGATE KW MANAGEMENT,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS[1]

**THIS CAUSE** is before the Court upon Defendants Rivergate KW Management and RKW Residential's[2] (collectively "Rivergate") Motion to Dismiss ("Motion"), ECF No. [29]. Plaintiff Rionne Jackson ("Jackson") filed a Response to the Motion to Dismiss, ("Response"), ECF No. [30], to which Rivergate filed a Reply, ECF No. [31]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Rivergate's Motion to Dismiss is granted.

**I. BACKGROUND**

Jackson's Amended Complaint ("Complaint") alleges breach of a fiduciary duty arising from a contractual lease agreement, by Rivergate failing to provide proper disclosures regarding the lease agreement. ECF No. [20] at ¶ 4. Jackson further asserts that Rivergate received Jackson's

---

[1] On January 21, 2025, Jackson filed a Second Amended Complaint. *See* ECF No. [41]. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, the Second Amended Complaint is stricken for failure to seek leave of Court.
[2] Although Jackson names both RKW Residential and Rivergate KW Management in his Amended Complaint, the Motion to Dismiss clarifies that Rivergate KW Management does business as RKW Residential. *See* ECF No. [30] at 3.

application and failed to open a required account on behalf of the principal. *Id.* The Complaint further asserts that the Court has jurisdiction because the claim falls under the Equal Credit Opportunity Act ("ECOA") and supplemental jurisdiction over claims arising under section 83.49 of the Florida Statutes. ECF No. [20] at ¶ 3. Construing Jackson's Complaint liberally,[3] he asserts separate claims under the ECOA, Florida Statutes § 83.49, breach of fiduciary duty, and breach of contract. ECF No. [20] at ¶¶ 3, 4, 6, 10.

Rivergate moves to dismiss the Complaint for failure to state a claim because the Complaint does not plead the existence of a fiduciary duty, a contract, or a lease agreement, nor does the Complaint allege that Jackson ever made a monetary deposit to Rivergate in accordance with a lease agreement. ECF No. [29]. Jackson responds that the Complaint sufficiently states a claim for relief, and the application was for a property at "Slate Hallandale Beach." ECF No. [30]. Rivergate replies that the Complaint is devoid of any acts suffucuent for an ECOA violation. ECF No. [31].

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than

---

[3] Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Federal Question Jurisdiction

Further, "[a] district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Federal question jurisdiction is governed by the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted). "Unless a 'substantial' federal question is presented on the face of the complaint, the case does not arise under federal law." *Spear ex rel. Spear v. Publix Super Mkts., Inc.*, 2008 WL 5276441, at *1 (S.D. Fla. Dec. 18, 2008).

### C. Futility of Amendment

Rule 15 of the Federal Rules of Civil Procedure directs that before trial, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the

complaint is futile. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

## III.   ANALYSIS

### A. Claim under the Equal Credit Opportunity Act

Rivergate contends that Jackson's claim under the ECOA fails because the Complaint contains no allegation that Rivergate is a creditor as defined under the ECOA, or that the underlying action includes a credit transaction with Rivergate. ECF No. [29] at 10. Jackson responds that Rivergate discriminated against him by denying the lease application, despite Jackson's clear eligibility to enter into the agreement. ECF No. [30] at 4.

The ECOA is an anti-discrimination statute that makes it unlawful for a creditor to discriminate:

> (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
> (2) because all or part of the applicant's income derives from any public assistance program; or
> (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a).

The ECOA defines "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). To establish a violation of the ECOA, "a plaintiff must show that: (1) he exercised in good faith (2) a right under [the ECOA], and (3) as a result, the creditor discriminated against him with respect to the credit transaction." *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1335 (11th Cir. 2000).

The Complaint asserts that "[t]he defendant (RKW Residential) received the plaintiff's application (security collateral accompanied with a tender) and failed to open a required account[.]" ECF No. [20] at ¶ 4. Jackson does not allege any facts that Rivergate is a creditor, alleging only that Rivergate is "responsible for overseeing and implementing the policies that are currently in place[.]" *Id.* at ¶ 2; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Further, Jackson does not allege that Rivergate discriminated against him but that by "failing to accept and complete their obligations to the lease agreement, [Rivergate] violat[ed] the ECOA." *Id.* at ¶ 3. As such, the Complaint, taken as true, fails to allege the necessary elements to state a plausible claim for relief under the ECOA. *See Bowen*, 233 F.3d at 1335; 15 U.S.C. § 1691(a)(1)-(3).

Accordingly, no federal question jurisdiction exists. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Because no federal question exists, the Court declines to exercise supplemental jurisdiction over Jackson's claims under section 83.49 of the Florida Statutes, for breach of fiduciary duty or for breach of contract. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

### B.  No Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure directs that before trial, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court need not allow an amendment if there has been "(1) 'undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies' by prior amendments; (2) 'where allowing the amendment would cause undue prejudice to the opposing party[;]' or (3) 'where the amendment would be

5

futile.'" *Arencibia v. AGA Serv. Co.*, 533 F. Supp. 3d 1180, 1195 (S.D. Fla. 2021) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Here, Jackson amended his Complaint after reviewing Rivergate's argument for dismissal.[4] *See* ECF No. [20]. Despite Jackson's attempt to cure the pleading deficiencies, the Amended Complaint fails to state a plausible claim for relief under the ECOA. Any amendment would be futile because Rivergate is not a creditor, which is a necessary element to seek relief under the ECOA. *See Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965-66 (11th Cir. 2019) (dismissing case with prejudice because "it would have been futile to give [the plaintiff] a third bite at the apple"). Accordingly, the Amended Complaint is dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Motion to Dismiss, **ECF No. [29]**, is **GRANTED**.

2. Plaintiff's Amended Complaint, **ECF No. [20]**, is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[4] In Rivergate's prior motion to set aside default, Rivergate argued that Jackson's initial Complaint, *see* ECF No. [1], failed to state a claim upon which relief could be granted because Rivergate is not a creditor under the ECOA. ECF No. [14] at 3.

Case No. 24-cv-23962-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 30, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record